| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br>Robert J. Lynch (SBN 192287)<br>MCMAHON LYNCH LAW FIRM, INC<br>1250 Corona Pointe Ct., #407<br>Corona, CA 92879<br>951.371.6868<br>rlynch@mcm-law.net<br><br>*Attorney for Plaintiff* | FOR COURT USE ONLY |
|---|---|

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE DIVISION** ▼

| In re:<br>EFREN LUNA and ROCIO MARGARITA LUNA CARDENAS<br><br><br><br>Debtor(s). | CASE NO.: 6:24-bk-11500-WJ<br><br>CHAPTER: SELECT CHAPTER<br><br>ADVERSARY NO.: 6:24-ap-01047-WJ |
|---|---|
| JOE BARRERA and AMIE BARRERA,<br><br><br><br>Plaintiff(s)<br>Versus<br>SUNNYSLOPE, INC., dba SAFARI LANDSCAPING & POOLS, EFREN LUNA; ROCIO MARGARITA LUNA CARDENAS and DOES 1 through 20, Inclusive<br><br><br>Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING**<br>**[LBR 7004-1]** |

TO THE DEFENDANT:  A Complaint has been filed by the Plaintiff against you.  If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint.  You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page.  The deadline to file and serve a written response is _____.  If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

| **Hearing Date:** _____<br>**Time:** _____<br>**Courtroom:** _____ | **Address:**<br>☐ 255 East Temple Street, Los Angeles, CA 90012<br>☐ 3420 Twelfth Street, Riverside, CA 92501<br>☐ 411 West Fourth Street, Santa Ana, CA 92701<br>☐ 1415 State Street, Santa Barbara, CA 93101<br>☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367 |
|---|---|

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**You must comply with LBR 7016-1, which requires you to file a joint status report and to appear at a status conference.** All parties must read and comply with the rule, even if you are representing yourself.  You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference.  A court-approved joint status report form is available on the court's website (LBR form F 7016-1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016-1.STATUS.REPORT.ATTACH).  If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference.  **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

**KATHLEEN J. CAMPBELL
CLERK OF COURT**

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: _____

By: _____
Deputy Clerk

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

A true and correct copy (1) of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** and (2) the accompanying pleading(s) entitled:

_____

_____

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____  _____        _____
*Date*                     *Printed Name*                    *Signature*

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                              Page 3                              **F 7004-1.SUMMONS.ADV.PROC**

1  Robert J. Lynch, Esq. (SBN 192287)
   Email:  rlynch@mcm-law.net
2  McMAHON LYNCH LAW FIRM, INC.
   Attorneys-at-Law
3  1250 Corona Pointe Ct., Ste. 407
   Corona, California 92879
4  Tel: (951) 371-6868
   Fax: (951) 371-8787
5
   Attorneys for Plaintiffs, JOE BARRERA and AMIE
6  BARRERA,

7

8              UNITED STATES BANKRUPTCY COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11 | In re:                        | CASE NO.:  6:24-bk-11500-WJ

12 | EFREN LUNA and ROCIO          |
   | MARGARITA LUNA               | Ch. 7
13 | CARDENAS                     | Assigned to Hon. Wayne E. Johnson

14

15 |                               | Adversary No.: 6:24-ap-01047-WJ

16 | JOE BARRERA and AMIE          |
   | BARRERA,                     |
17 |              Plaintiffs,      |
                                    **AMENDED ADVERSARY**
18 | -vs-                          | **COMPLAINT**

19 | SUNNYSLOPE, INC., dba         |
   | SAFARI LANDSCAPING &         |
20 | POOLS, EFREN LUNA; ROCIO      |
   | MARGARITA LUNA               |
21 | CARDENAS and DOES 1 through   |
   | 20, Inclusive                |
22 |                               |
   |              Defendants.     |
23

24        Come now, Plaintiffs, JOE BARRERA and AMIE BARRERA, and allege

25 as follows:

26

27

28

                    **AMENDED ADVERSARY COMPLAINT**

**PARTIES AND JURISDICTION**

1.     This is an adversary proceeding in which Plaintiffs are seeking return of at least 90% of $84,847.00 in funds paid to the Defendants/Debtors for work that was supposed to have been done at the Plaintiffs' property, but for which Defendants/Debtors pocketed the money after starting the work, but never completed it, nor returned the funds for the 90% of the work that was never completed.

2.     The court has jurisdiction pursuant to 28 USC §§ 157 & 1334.

3.     The action against the debtors is a core proceeding pursuant to 28 USC § 157 (2)(A,B,E,G,I and/or J).  Plaintiffs further allege that the debts obtained were accrued under false pretenses and false representations under section 523(a)(2), Parts 1 and 2, or as actual fraud under section 523(a)(2)(A).

4.     Plaintiffs have standing to bring this action under section 523(a)(2)(a).

5.     Plaintiffs, JOE BARRERA and AMIE BARRERA, (hereinafter, "Plaintiffs" or "BARRERAS") are, and at all times herein mentioned were, the owners of a single-family residence located at 26400 Plumcot Drive, Corona, CA 92883, County of Riverside, State of California ("SUBJECT PROPERTY").

6.     Defendants SUNNYSLOPE, INC., dba SAFARI LANDSCAPING & POOLS, is a California corporation with its principal place of businesses located in 17921 Donert Street, Hesperia, CA  92345, owned and controlled by Debtors EFREN LUNA; &  ROCIO MARGARITA LUNA CARDENAS.  The corporation was terminated on or about October 2, 2023, by way of a Certificate of Dissolution, a true and correct copy of which is attached hereto as Exhibit "A."  In the certificate, Defendant/Debtor EFREN LUNA swore under penalty of perjury that the corporation never incurred any known debts or liabilities.

7.     Defendants/Debtors EFREN LUNA; & ROCIO MARGARITA LUNA CARDENAS are individuals residing within the territorial limits of the jurisdiction of this Court and have filed a Chapter 7 petition for discharge in this

2

Court. Defendants/Debtors EFREN LUNA; & ROCIO MARGARITA LUNA CARDENAS also currently operate, or have operated, as contractors in their individual capacity, doing business as SAFARI LANDSCAPING & POOLS, as noted in their voluntary petition at Part 1, section 2, in which the individual Defendant/Debtors EFREN LUNA; & ROCIO MARGARITA LUNA CARDENAS swore under penalty of perjury that they had formerly done business as SAFARI LANDSCAPING AND POOLS.  The use of the common trade name by both SUNNYSLOPE, INC. and the individual Defendant/Debtors was done with the intent to mislead potential clients as to the actual entity performing contracting work. Defendants/Debtors have listed Joseph Barrera and "Linda" Barrera as "business debts" in their voluntary petition.  Plaintiffs acknowledge that the claims against Defendant/Debtor ROCIO MARGARITA LUNA CARDENAS are made because of her interest in community property with Defendant/Debtor EFREN LUNA and her signature to the voluntary petition and that her participation in the business prevents discharge under *Bartenwerfer v. Buckley*, 598 U.S. 69 (2023).

8.    Defendant DOES 1 through 20, inclusive, are sued in this Complaint under fictitious names.  Their true names and capacities are unknown to Plaintiffs. When their true names and capacities are ascertained, Plaintiffs will amend this Complaint by inserting their true names and capacities.

9.    Plaintiffs are informed and believe, and based thereon allege, that each of the Defendants sued herein is responsible in some manner for the occurrences herein alleged, and that Plaintiffs' damages were proximately caused by such Defendants.

10.    The Defendants made a representation that the funds paid to them by the Plaintiffs would be used for the construction of a pool at the Plaintiffs' residence, located at 26400 Plumcot Dr., Corona, CA 92883 ("SUBJECT PROPERTY"), with knowledge of its falsity, deliberately for the purpose of

3

**AMENDED ADVERSARY COMPLAINT**

deceiving the creditors, who justifiably relied on the representation, which proximately caused the creditor damage. The representation was made on numerous occasions, throughout the time that Defendants were performing work at the SUBJECT PROPERTY, and after Defendants failed to return to the SUBJECT PROPERTY when asked that the finish the work that was paid for. More specifically, both Defendant EFREN LUNA and his agent, Jospeh Acosta, said that the work would be done after payment was received.

11.    Plaintiffs are informed and believe, and upon such information and belief alleges, that at all times mentioned herein defendants, and each of them, were the agents and servants of each of the remaining defendants, and of each other, and at all times mentioned herein, defendants, and each of them, were acting within the knowledge of one another within the course and scope of their agency, service, and employments, and ratified and approved the acts of one another.

## COMMON ALLEGATIONS

12.    On or about May 12, 2022, the BARRERAS contracted with SAFARI LANDSCAPING & POOLS to construct a custom 30'x10' pool in the clients' backyard. The original amount of the contract was $110,493.00. The scope of work to be performed included:

a.    Standard Plaster, Pool tile (Groups 1-5)Standard White LED lights (3)Standard filter, Pump and Controller for $50,000.00

b.    Baja shelf – 10' x 4' for $2,500

c.    Spa – for $14,009.00

d.    Concrete of 1700 Square feet for $10,200

e.    Concrete Pumping for $750.00

f.    Deck Drains – for $1,200

g.    Artificial Turf – for $3,168.00

h.    Raised Planter wall for $3,500.00

i.    Retaining wall for $15,015.00

4

j.      Replacement of wall after demo - $1,700

k.      Spill way waterfall        $2,200

l.      220 foot driveway extension - $1,760

m.      Backcut/Backfill/Hauloff      - $4,500

A copy of the contract is attached hereto as Exhibit B.

13.    Defendants entered into a written contract with the BARRERAS wherein SAFARI LANDSCAPING & POOLS agreed to furnish all necessary labor, services, materials, and equipment to be used or consumed at the work to construct a pool and spa at the SUBJECT PROPERTY.  All plumbing, electrical, heating, grading, plaster, rebar and rebar was to be conducted by SAFARI LANDSCAPING & POOLS.

14.    The BARRERAS provided Defendants a total of $84,847. The BARRERAS made these payments based on SAFARI LANDSCAPING & POOLS repeated assurances that they had obtained necessary permits for the project, and based on their repeated assurances that the project was advancing.

15.    The SUBJECT PROPERTY is the Plaintiffs' residence, to which the home improvement contacting provisions of *California Business and Professions Code sections* 7150 to 7168 apply. *California Business and Professions Code section* 7159 recognizes that it is against the law for a contractor to collect payment for work not yet completed or materials not yet delivered on a home improvement contract.

16.    Defendants/Debtors placed themselves in a position of trust with Plaintiffs by taking and holding monies that should have been used for the construction of a swimming pool at the Plaintiffs' property and by taking funds that they had not yet earned.

17.    On June 2, 2022, the Plaintiffs paid $1,000 via Zelle to the Defendants.

18.    On June 9, 2022, The Plaintiffs paid $1,000 to Defendants via Zelle.

5

19.    On July 13, 2022, Plaintiffs paid $5,500 to Defendants by a check made payable to Safari Landscaping & Design, by check 1263, said check was endorsed by "Safari Landscaping and _____ (illegible word)."

20.    On November 7, 2022, Plaintiffs paid $27,624 to SAFARI LANDSCAPING AND POOLS, by check 1232, that was endorsed by SAFARI LANDSCAPING AND POOLS.

21.    On November 7, 2022, Plaintiff paid Defendants $11,050 in cash (for which Plaintiffs have record of withdrawal on that date).

22.    On November 15, 2022, Plaintiffs paid Defendants $11,050 via check 1223, made payable to SAFARI LANDSCAPING & POOLS, that was endorsed as credited to the account of the named payee by Wells Fargo and posted on November 16, 2022.

23.    On December 6, 2022, Plaintiffs paid Defendants $27,623 via check 1224, made payable to SAFARIA LANDSCAPING AND POOLS, that was endorsed by "Safari Landscaping," and posted on December 7, 2022.

24.    As of December 5, 2022, Defendants had dug into the earth for the pool and spa, had laid out the contours of the pool and spa with wooden stakes, had installed rebar that was left open to the elements and had installed some PVC piping and a pool skimmer.  No concrete had been poured.  No tile had been installed.  No stucco had been applied.  No heating had been installed. No artificial turf had been placed.  No driveway work was done.    Approximately 10% of the work has been completed.

25.    From November of 2023 to date, Plaintiffs have been attempting to repair the damages caused and complete the work that was left undone.  As of the date of filing, Plaintiffs have spent an additional $74,826.41 in repair and completion costs.

26.    SAFARI LANDSCAPING & POOLS left the residence in such a state of despair, there was extensive damage to the property and surrounding work

6

area. The trench that they dug undermined the Southern neighboring property. The Northern neighbor's property fence was affected and appears to be failing. The grading that they performed was causing water to enter the Plaintiffs' property. The rebar was left open to the elements and had to be replaced because of rust. The trenching caused flooding. SAFARI LANDSCAPING & POOLS excavated and never filled dirt right next to the BARRERAS' home's foundation; the trench SAFARI LANDSCAPING & POOLS dug eroded and destroyed the integrity of the BARRERAS' backyard, leaving fence posts falling and flooding; the BARRERAS' neighbors suffered erosion and flooding because of SAFARI LANDSCAPING & POOLS work; the rebar SAFARI LANDSCAPING & POOLS laid became plagued by rust; the entire "plumbing system" installed was defective.

27. The BARRERAS also lost the use of their property from December of 2022 through the current date.

28. The BARRERAS addressed their concerns and complaints to SAFARI LANDSCAPING & POOLS and requested that SAFARI LANDSCAPING & POOLS reimburse them for the full amount of the price paid to SAFARI LANDSCAPING & POOLS.

29. On November 27, 2024, the California Contractors State License Board (CSLB) advised the BARRERAS that the license-holder for Defendants was in violation of several of the licensing laws and that the CSLB had forwarded the issue to the Attorney General's Office for possible enforcement. A true and correct copy of the letter is attached hereto as Exhibit "C."

30. SUNNYSLOPE, INC. has a commercial general liability policy that may or may not cover the damages to property claimed by Plaintiffs in this action. It is believed that the policy may decline coverage for that portion of Plaintiffs' damages related to Defendants' failure to return funds wrongfully taken by Defendants/Debtors.

**FIRST CAUSE OF ACTION**

**(Breach of Contract)**

31.    Plaintiffs, JOE BARRERA and AMIE BARRERA, incorporate all previous paragraphs as if set forth in full herein.

32.    BARRERAS contracted with Defendant SAFARI LANDSCAPING & POOLS Remodeling on May 12, 2022, to construct a custom 30'x10' pool in at the SUBJECT PROPERTY.

33.    The Contract Price was listed as $110,493.00.

34.    SAFARI LANDSCAPING & POOLS started work on May 26, 2022 and ceased on December 6, 2022.

35.    Between May 26, 2022 and December 6, 2022, Plaintiffs paid SAFARI LANDSCAPING & POOLS a total of $84,847.00.   Because of the actions of Defendants, and all of them, there is no way to ascertain whether the payments were made to Defendant debtors or to their terminated corporation, Sunnyslope, Inc., as both Debtors and Sunnyslope, Inc. purportedly used the trade name "Safari Landscaping & Pools."

36.    As described herein, SAFARI LANDSCAPING & POOLS has breached the Construction Agreement in numerous ways, including, by performing substandard work that did not meet the industry standards or the terms of the contract or plans, by damaging the rest of the SUBJECT PROEPRTY through such substandard work, by failing to complete work, and by submitting plans that were inaccurate, fraudulent and with wrong information to the city and if the permit application is not changed, it would not pass inspection.

37.    As a result of SAFARI LANDSCAPING & POOLS' breaches of the Construction Agreement, the BARRERAS have suffered damages, including without limitation, significant additional repair costs or repair to the Subject Property, increased construction costs, diminution in value and marketability of the Subject Property relating to work performed in a negligent manner and below the

8

standard of care, and loss of use and enjoyment of the Subject Property, in an amount to be shown according to proof of trial.

**SECOND CAUSE OF ACTION**

**(Construction Defects (Negligence)**

38.    The BARRERAS refer to and incorporate herein by this reference as though fully set forth here, each and every allegation contained in Paragraphs 1 through 36, inclusive.

39.    In connection with the Construction and Remodeling Services performed at the property that was not being built for original construction (so the right to repair act of California Civil Code section 896, et seq. does not apply), SAFARI LANDSCAPING & POOLS and DOES 1-20, and each of them, owed Plaintiffs a duty to use reasonable care to prevent injury to Plaintiffs and to their property, to perform services in a workman-like manner in accordance with the custom and practice of the various trades and the home restoration industry, and to assemble and supply competent workmanship and materials of reasonable quality for the Subject Property without defect and without causing damage to the existing components of the Subject Property.

40.    Defendant SAFARI LANDSCAPING & POOLS and Does 1 through 20 breached their duties to Plaintiffs, including but not limited to damaging components of the Subject Property and performing Construction and Remodeling Services in a defective manner and below the standard of care. SAFARI LANDSCAPING & POOLS' failure in their performance of the work resulted in the following defects in construction:

41.    Due to SAFARI LANDSCAPING & POOLS' failure to complete, repair or correct their work resulting in the following damages in construction: SAFARI LANDSCAPING & POOLS workers trashed the BARRERAS' residence leaving the family with a backyard ready to collapse at any minute. They excavated and never filled dirt right next to the SUBJECT PROPERTY'S

9

foundation; the trench dug by Defendants eroded and destroyed the integrity of the backyard, leaving fence posts falling and flooding; Plainitffs' neighbors suffered erosion and flooding because of Defendants' work that Plaintiffs were required to repair; the rebar became plagued by rust; water flooded the property causing damage; and the entire "plumbing system" installed had to be replaced.

42.     Defendants breached their duties in other ways that are not yet known to Plaintiffs or have not yet been discovered as the components of the Subject Property so as to require the removal and replacement of both the damaged and undamaged components of the Subject Property and causing Plaintiffs to have to pay for repair services.

43.     These breached by Defendant SAFARI LANDSCAPING & POOLS were substantial factors in causing damage to Plaintiffs as stated above as well as damages which are still unknown to BARRERA.

**THIRD CAUSE OF ACTION**

**(Negligence Per Se- against defendants SAFARI LANDSCAPING & POOLS REMODELING and DOES 1 TO 20)**

44.     Plaintiffs refer to and incorporate herein by reference as through fully set forth herein, each and every allegation contained in paragraphs 1 through 42, inclusive.

45.     SAFARI LANDSCAPING & POOLS engaged agents, employees, associates, and other to perform Remodeling Services at the Subject Property between May 26, 2022 and December 6, 2022.

46.     SAFARI LANDSCAPING & POOLS violated provisions of California law relating to construction contracts and home improvements contract requirements such as, but not limited to Business & Professions Code § 7159 as follows:

a)     The Contract failed to properly include statutory terms, notices, and provisions required of home improvement contracts related to the date the buyer

1  signed the contract (Business & Profession Code §7159(c)(3)(B)(i)); and

2       b)     The Contract failed to properly include statutory terms, notices, and

3  provisions required of home improvement contracts related to the notice stating

4  that the owner or tenant has the right to require the contractor to have a

5  performance and payment bond (Business & Profession Code §7159(c)(6)).

6       c)     The Contract failed to identify a completion date, contrary to Business

7  & Professions Code §7159(d)(11).  The Contract failed to lay out the expected

8  progress payments, as required by Business & Professions Code section

9  §7159(d)(9).

10      47.    As a proximate and direct result of these statutory violations, the

11  BARRERAS have been harmed as stated herein by not being properly informed of

12  their rights, paying for defective construction services, paying for services which

13  they did not authorize in writing, and the damages to the Subject Property as stated

14  herein.

15      48.    As a proximate and direct results of the violation of the statues alleged

16  above BARRERAS have suffered damages to be proven at trial and according to

17  proof at trial.

18  **FOURTH CAUSE OF ACTION**

19  **(Fraud- Concealment and Misrepresentation)**

20      49.    Plaintiffs refer to and incorporate herein by this reference as though

21  fully set forth herein, each and every allegation contained in Paragraphs 1 through

22  48 inclusive.

23      50.    Defendants, by and through the communications represented to

24  BARRERAS, by Jospeh Acosta and EFREN LUNA represented that the

25  $84,847.00 in funds paid to Defendants/Debtors would be used for the construction

26  of a pool at the SUBJECT PROPERTY.

27      51.    The true facts were that Defendants/Debtors had no right to collect

28  any funds for work that was not completed at the time of billing, except for a down

**AMENDED ADVERSARY COMPLAINT**

payment of no more than one-thousand dollars and that as a licensed contractor, Defendant EFREN LUNA was aware of this requirement, yet decided that Defendants/Debtors needed the money more than Plaintiffs did.  90% of the funds were not used to construct a pool at the SUBJECT PROPERTY as Defendants left the job after digging and putting in rebar and some piping, but did no concrete work, no plastering, no electrical, no tile, no driveway, no retaining wall, no waterfall, no deck drains and no artificial turf work was done.

52.    Defendants knew when making the above-referenced representations to Plaintiffs that the representations and promises were false, and the representations and promises were made with the intent to conceal the true facts, to deceive Plaintiffs, and to induce Plaintiffs to take the actions herein alleged.

53.  Plaintiffs believed these representations and promises of Jospeh Acosta, EFREN LUNA and SAFARI LANDSCAPING & POOLS were in reasonable reliance on these representations, Plaintiffs were induced to take the actions herein alleged.

54.    Plaintiffs reasonably relied on the representations of Jospeh Acosta, EFREN LUNA and SAFARI LANDSCAPING & POOLS in whom they reposed trust and confidence. As a direct and proximate result of defendants' misrepresentations and concealment, Plaintiffs have been damaged in a sum the amount of which is to be proven at the time of trial.

55.    Said fraudulent acts. and failures to act, on the part of Defendants constitute conduct that subjected Plaintiffs to cruel and unjust hardship, and was undertaken with fraud, malice and/or oppression, intentionally or with conscious disregard for Plaintiffs' rights, therefore, Plaintiffs are entitled to an award of punitive damages against defendants, and each of them, in an amount to punish said defendants and to set an example for others.

56.    Plaintiffs were induced to enter into the written Construction Agreement in reliance on the fraudulent and false statements of Defendants.

12

**AMENDED ADVERSARY COMPLAINT**

Plaintiffs are entitled to recover any and all damages resulting therefrom, including costs to repair, restitution, loss of use and punitive damages, as well as a penalty of $500 and reasonable attorney's fees, pursuant to Business and Professions Code §7160 and § 7168.

**FIFTH CAUSE OF ACTION**

**(Fraud- Actual Fraud under section 523(a)(2)(A)**

57.     Plaintiffs refer to and incorporate herein by this reference as though fully set forth herein, each and every allegation contained in Paragraphs 1 through 56 inclusive.

58.     In making the representations herein, Defendants knew them to be false. The Defendants made a representation that the funds paid to them by the Plaintiffs would be used for the construction of a pool at the Plaintiffs' residence, located at 26400 Plumcot Dr., Corona, CA 92883 ("SUBJECT PROPERTY"), with knowledge of its falsity, deliberately for the purpose of deceiving the creditors, who justifiably relied on the representation, which proximately caused the creditor damage.  The representation was made on numerous occasions, throughout the time that Defendants were performing work at the SUBJECT PROPERTY, and after Defendants failed to return to the SUBJECT PROPERTY when asked that they finish the work that was paid for.  More specifically, both Defendant EFREN LUNA and his agent, Jospeh Acosta, said that the work would be done after payment was received.

59.     Defendants knew when making the above-referenced representations to Plaintiffs that the representations and promises were false, and the representations and promises were made with the intent to conceal the true facts, to deceive Plaintiffs, and to induce Plaintiffs to take the actions herein alleged.

60.  Plaintiffs believed these representations and promises of Jospeh Acosta, EFREN LUNA and SAFARI LANDSCAPING & POOLS were in reasonable

13

**AMENDED ADVERSARY COMPLAINT**

reliance on these representations, Plaintiffs were induced to take the actions herein alleged and acted upon those representations.

61.    Plaintiffs reasonably relied on the representations of Jospeh Acosta, EFREN LUNA and SAFARI LANDSCAPING & POOLS in whom they reposed trust and confidence. As a direct and proximate result of defendants' misrepresentations and concealment, Plaintiffs have been damaged in a sum the amount of which is to be proven at the time of trial.

62.    The conduct complained of herein arises out of the same conduct, transaction or occurrence alleged throughout this Amended Complaint under FRCP 15(c)(1)(B).

**PRAYER**

WHEREFORE, Plaintiffs pray for recovery from Defendants, the following:

1.    A determination by this court that any debt owed Plaintiffs is not subject to discharge under section 523(a)(2)(A);

2.    Return of 90% of the amounts paid to Defendants because it constitutes damages for taking Plaintiffs' property under the false representation that the funds would be used to construct a pool at the SUBJECT PROPERTY;

3.    Special damages for the costs to repair the SUBJECT PROPERTY, in an amount to be shown at the time of trial;

4.    Special damages for the diminution in value of the SUBJECT PROPERTY;

5.    Special damages for the loss of use of the SUBJECT PROPERTY, in an amount to be proven at the time of trial;

6.    General damages for the pain and suffering caused by Defendants, as allowed when there is an intentional tortious act that accompanies property damage as recognized in *Cooper v. Superior Court (Lomita Trenching & Excavating Corp.)* (1984) 153 Cal.App.3d 1008;

14

1    7.    Attorneys' fees per statute; and

2    ///

3    ///

4    ///

5    8.    Prejudgment interest at the legal rate of either 7% or 10%, depending

6         on proof.

7

8    Dated:  December 27, 2024          MCMAHON LYNCH LAW FIRM, INC.

9

10                              *Robert Lynch*
                           _____

11                           Robert J. Lynch, Esq.,
                            Plaintiffs, JOE BARRERA and AMIE
12                           BARRERA,

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

15

**AMENDED ADVERSARY COMPLAINT**

**Secretary of State**

**Certificate of Dissolution**

(California Stock Corporation ONLY)

| DISS STK |

| For Office Use Only |
| **-FILED-** |
| File No.: BA20231563951 |
| Date Filed: 10/2/2023 |

There is **No Fee** for filing a Certificate of Dissolution - Stock

**Certification Fee (Optional) - $5.00**

**This Space For Office Use Only**

**1. Corporate Name** (Enter the exact name of the Corporation as it is recorded with the California Secretary of State.)

Sunnyslope Inc.

**2. Secretary of State Entity Number**

3936816

**3. Election**

[✓] The dissolution was made by a vote of **ALL** of the shareholders of the California corporation.

**Note**: If the above box is not checked, a **Certificate of Election to Wind Up and Dissolve** (Form ELEC STK) must be filed prior to or together with this Certificate of Dissolution. (California Corporations Code section 1901.)

**4. Debts and Liabilities**   (Check the applicable statement. Only **one box** may be checked. If second box is checked, must include the required information in an attachment.)

[ ] The known debts and liabilities have been actually paid or paid as far as its assets permitted.

[ ] The known debts and liabilities have been adequately provided for in full or as far as its assets permitted by their assumption. Included in the **attachment** to this certificate, incorporated herein by this reference, is a description of the provisions made and the name and address of the person, corporation or government agency that has assumed or guaranteed the payment, or the depository institution with which deposit has been made.

[✓] The corporation never incurred any known debts or liabilities.

**5. Required Statements** (Do not alter the Required Statements – **ALL** must be true to file Form DISS STK.)

a. The Corporation has been completely wound up and is dissolved.
b. All final returns required under the California Revenue and Taxation Code have been or will be filed with the California Franchise Tax Board.
c. The known assets have been distributed to the persons entitled thereto or the corporation acquired no known assets.

**6. Read, Verify, Date and Sign Below**

The undersigned is the sole director or a majority of the directors now in office. I declare under penalty of perjury under the laws of the State of California that the matters set forth in this certificate are true and correct of my own knowledge.

| 9/28/23. | | EFRON LUNA. |
| Date | Signature | Type or Print Name |

| | | |
| Date | Signature | Type or Print Name |

| | | |
| Date | Signature | Type or Print Name |

EXHIBIT A

B2146-2396  10/02/2023  5:00 PM  Received by California Secretary of State



**Joe Barrera**

26400 Plumcot Drive ~~26400 PluncoT Dr~~

Corona , CA 92883

(562) 587-8358

05 / 26 / 2022

## Safari Landscaping & Pools

17921 Donert St.
Hesperia, California 92345

Phone: (760) 488-1867
Email: joseph.acosta@usesafari.com
Web: https://usesafari.com

| | |
|---|---|
| Estimate # | 002517 |
| Date | 05/12/2022 |
| Business / Tax # | Safari Landscaping |

| Description | Total |
|---|---|
| **Custom Pool 30'x10'**<br>Standard Plaster, Pool Tile (Groups 1-5), Standard White LED Lights (3)<br>Standard Filter, Pump and Controller | $50,000.00 |
| **Baja Shelf - 10'x 4'** | $2,500.00 |
| **Spa 7'**<br>Standard Plaster, Pool Tile (Groups 1-5), Standard White Led light (1)<br>(1), Electric Heater | $14,000.00 |
| **Concrete - 1700 SqFt**<br>Natural Grey No Reinforcements | $10,200.00 |
| **Concrete Pumping** | $750.00 |
| **Deck Drains - 3" Corrugated**<br>Standard Grates | $1,200.00 |
| **Artificial Turf Tier 2 - 264 SqFt**<br>90oz | $3,168.00 |
| **(1) Raised Planter Wall - 2.5'x15'**<br>CMU Block - Smooth Stucco finish | $3,500.00 |
| **Retaining Wall - 77'**<br>CMU Block Wall | $15,015.00 |

# EXHIBIT B

| | |
|---|---|
| Replacement of Wall after Demo | $1,700.00 |
| Spillway waterfall from Spa | $2,200.00 |
| Concrete 220 SqFt - Driveway Extension<br>Natural Grey with Reinforcements | $1,760.00 |
| Upgraded Colored LED (2) Pool & (1) Spa Lights<br>$3500 not included in estimate | $0.00 |
| BackCut/Backfill/Hauloff | $4,500.00 |

| | |
|---|---|
| **Subtotal** | $110,493.00 |
| **Total** | **$110,493.00** |

**Notes:**

Permits, Engineering included in Pricing

*Joe Bryan*

_____        _____

Joseph Acosta

Signed on: 05/14/2022

Joe Barrera

Audit Trail



| | |
|---|---|
| TITLE | HFS - Underwriting Request - 1061319 |
| FILE NAME | 110.4k signed.pdf |
| DOCUMENT ID | ea425b6504f0cadd84988ef7cbeca94bd7594e1b |
| AUDIT TRAIL DATE FORMAT | MM / DD / YYYY |
| STATUS | Signed |

## Document History

| | | |
|---|---|---|
| SENT | 05 / 26 / 2022<br>11:06:57 UTC-4 | Sent for signature to Joe Barrera (joebar311@gmail.com) from esign@hfsfin.com<br>IP: 174.192.197.162 |
| VIEWED | 05 / 26 / 2022<br>11:12:48 UTC-4 | Viewed by Joe Barrera (joebar311@gmail.com)<br>IP: 76.90.186.247 |
| SIGNED | 05 / 26 / 2022<br>11:13:51 UTC-4 | Signed by Joe Barrera (joebar311@gmail.com)<br>IP: 76.90.186.247 |
| COMPLETED | 05 / 26 / 2022<br>11:13:51 UTC-4 | The document has been completed. |



**CONTRACTORS STATE LICENSE BOARD**
SAN BERNARDINO INVESTIGATIVE CENTER
1845 BUSINESS CENTER DRIVE, SUITE 206
SAN BERNARDINO, CA 92408-3467
(909)890-2244   |   www.cslb.ca.gov   |   CheckTheLicenseFirst.com

STATE OF CALIFORNIA

Governor Gavin Newsom

# EXHIBIT C

S F 2023005140

DATE: 11/27/2024

JOE ANTONIO BARRERA
26400 PLUMCOT DR
CORONA, CA 92883

SUBJECT: S F 2023005140
SAFARI LANDSCAPING & POOLS * SUNNYSLOPE INC
LICENSE: 1006823

Dear JOE ANTONIO BARRERA:

You recently filed a complaint with the Contractors State License Board (CSLB), and we would like to update you about the status of that complaint. We conducted a thorough investigation, and determined that the involved contractor was in apparent violation of one or more sections of the California Business and Professions Code. As a result, we have forwarded our investigation to the Office of the Attorney General with a recommendation that a formal "accusation" be prepared itemizing charges and proposed action against the contractor's license. This is the most serious enforcement action available to CSLB.

The defendant contractor has a legal right to the full due process of law, and there are many procedural steps in the accusation process. Some of these steps are beyond the control of CSLB, and the case may take several months to proceed through the legal system. In the meantime, the pending accusation against the contractor will be publicly disclosed on CSLB's website, as required by California law. The progress of the accusation will be monitored by CSLB's Disciplinary Services Section (DSS). If you have any questions about the status of the case, you may contact DSS directly at (916) 255-4028.

Thank you for bringing this matter to our attention. It is the mission of the Contractors State License Board to protect California consumers through regulation of the construction industry, and the investigation and resolution of consumer complaints are critical elements of our success. Please do not hesitate to contact us again if we may be of further assistance.

Sincerely,

SYLVIA MARIN
Supervising Special Investigator

13I-132-CL1A-C (Rev. 01/2024)

1

## <u>PROOF OF SERVICE</u>

2

## BARRERA v. SUNNYSLOPE, INC.

3

## U.S. Cent. Dist. Bank. Court Case No. 6:24-ap-01047-WJ

4

**STATE OF CALIFORNIA**      **)**

5                                   **)**  **ss.**

**COUNTY OF RIVERSIDE**      **)**

6

7    I am employed in the County of Riverside, State of California.  I am over the age of 18 years and am not a party to the within action; my business address is 1250 Corona Pointe Court,

8 Suite 407, Corona, California 92879. On DECEMBER 27,2024, I served the following documents described as:  **PROOF OF SERVICE OF SUMMONS AND**

9 **AMENDED ADVERSARY COMPLAINT ON SUNNYSLOPE, INC. dba SAFARI LANDSCAPING & POOLS** on the interested parties in this action by

10 electronic service, via e-mail from Outlook 365, to e-mail addresses that I know to be associated with each counsel after having received communications from them at said

11 addresses:

12 **LAW OFFICE OF BARUCH C. COHEN, APLC**
Baruch C. Cohen, Esq.

13 4929 Wilshire Boulevard, Suite 940
Los Angeles, CA 90010

14 Office (323) 937-4501 | Cell (323) 353-9535
Facsimile: (888) 316-6107

15 Email: baruchcohen@baruchcohenesq.com, bcc4929@gmail.com

16      I declare that I am a member of the Bar of this Court. I declare under penalty of

17 perjury under the laws of the State of California that the foregoing is true and correct.
Executed on December 27, 2024, Corona, California.

18

19                              *Robert Lynch*
                              Robert J. Lynch

20

21

22

23

24

25

26

27

28