Robert J. Lynch, Esq. (SBN 192287)
Email:  rlynch@mcm-law.net
McMAHON LYNCH LAW FIRM, INC.
Attorneys-at-Law
1250 Corona Pointe Ct., Ste. 407
Corona, California 92879
Tel: (951) 371-6868
Fax: (951) 371-8787

Attorneys for Plaintiffs, JOE BARRERA and AMIE
BARRERA,

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>EFREN LUNA and ROCIO MARGARITA LUNA CARDENAS<br><br><br>JOE BARRERA and AMIE BARRERA,<br><br>                    Plaintiffs,<br><br>-vs-<br><br>SUNNYSLOPE, INC., dba SAFARI LANDSCAPING & POOLS, EFREN LUNA; ROCIO MARGARITA LUNA CARDENAS and DOES 1 through 20, Inclusive<br><br>                Defendants. | CASE NO.:  6:24-bk-11500-WJ<br><br>Ch. 7<br>Assigned to Hon. Magdelana Reyes<br><br>Adversary No.: 6:24-ap-01047-WJ<br><br>**OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT**<br><br><br>**Date: 3-15-24**<br>**Time: 2:00PM**<br>**Place: 3420 Twelfth St., Riverside, CA**<br>**Courtroom: 303** |

**TO THE COURT AND ALL PARTIES:**

    Plaintiffs JOE BARRERA and AMIE BARRERA (hereinafter, "Plaintiffs," or "BARRERA"), hereby offer the following opposition to the Defendants' Rule 12(b)(6) motion to Plaintiffs' Amended Complaint.

---

**OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

1

**TABLE OF CONTENTS**

2

3    **I.      INTRODUCTION                                    4**

4    **II.     STATEMENT OF FACTS                              5**

5    **III.    LEGAL STANDARD                                  6**

6    **IV.     PLAINTFFS AMENDED THE COMPLAINT TO**

7            **FOLLOW THE COURT'S PREVIOUS RULING           6**

8    **V.      THE STATE LAW BASED CLAIMS ARE ALLOWED**

9            **UNDER ANCILLARY OR SUPPLEMENTAL JURISDICTION  7**

10   **VI.     ACTION AGAINST A DISSOLVED CORPORATION         7**

11   **VII.    DOE DEFENDANTS ARE IMMATERIAL                  8**

12   **VIII.   THERE IS NO INNOCENT SPOUSE EXCEPTION HERE     9**

13   **IX.     FRAUD IS SUFFICIENTLY PLEAD                    9**

14   **X.      CONCLUSION                                    11**

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

**TABLE OF AUTHORITIES**

**Federal Statutes/Rules**

11 USC 523                                                                    9

28 USC 1367                                                                   7

FRCP 9                                                                      6,9

FRCP 12                                                                       4

**Federal Cases**

*Ashcraft v. Iqbal* 556 US 662 (2009)                                        6

*Bartenwerfer v. Buckley* 598 US 69 (2023)                                   9

*Bell Atlantic Corp. v. Twombly* 550 US 544 (2007)                           6

*Carter . Rogers* 220 F 3d 1249 (2000)                                       8

*City of Rialto v. US Dept Defense* 492 F. Supp 2d 1193 (2007)               8

*Davidson v. Kimberly Clarke* 889 F3d 956 (2018)                             9

*In re: Deitz, Shawn* US Circuit Court, 9th Cir. Case No.: 12-60036 (2014)

     BAP Case No.: EC-11-1427-PaDMk (2012(       10-12

*Doe v. US* 58 F3d 484 (1995)                                                6

*Hendrickson v. US* 791 F3d 354 (2015)                                       7

*Lopez v Smith* 303 F3d 1122 (2000)                                          6

*Miller v. Kemira* 910 F2d 784 (1990)                                        8

*Moore v Mars Petcare* 966 F3d 1007 (2020)                                   9

*Stern v. Marshall* 131 S. Ct. 2594 (2011)                                  11

**State Statutes**

*California Business and Professions Code* 7159                           4, 10

**State Cases**

*Penasquitos, Inc. v. Sup. Ct.* 53 Cal 3d 1180 (Cal. 1991)                   7

**OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

## I.    INTRODUCTION

This is a case in which the individual defendant debtors promised to build a pool for the Plaintiffs, took the Plaintiffs' money and then only performed 10% of the work.  It rises to the level of fraud because Defendants told Plaintiffs that the money they collected would be used for the construction of a pool at their property and *California Business and Professions Code section* 7159 does not allow contractors to collect money for work that has not yet been done or materials not yet delivered.  Defendants collected funds from Plaintiffs that they knew they were not entitled to, while at the same time continuing to tell the Plaintiffs that they would do the work for which they had already been paid.

This matter has been brought as an adversary proceeding against the individual debtor defendants EFREN LUNA and ROCIO MARGARITA LUNA CARDENAS and as an ancillary proceeding against their related company, SUNNYSLOPE, INC., dba SAFARI LANDCSCAPE AND POOLS.  Plaintiffs are seeking return of at least 90% of $84,847.00 in funds paid to the individual Debtors for work that was supposed to have been done at the Plaintiffs' property, but for which Defendants/Debtors pocketed the money after starting the work, but never completed it, nor returned the funds for the 90% of the work that was never completed.  Plaintiffs filed an adversary proceeding against Defendants in their individual capacity because of Defendant's misrepresentations as to the nature of their business debt in their Chapter 7 petition and because of Defendants' act in misappropriating funds.

Plaintiffs are separately bringing claims based on counts of breach of contract, negligence and negligence per se against the non-debtor corporation.

Defendants have previously filed a Rule 12b6 motion that was granted in part with leave to amend.  Plaintiffs amended their complaint and Defendants filed a second Rule 12b6 motion against the amended complaint.

///

**OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

## II.    STATEMENT OF FACTS

The First Amended Complaint contains specific allegations regarding the specific facts in support of a fraud claim.  All Defendants, save Ms. Cardenas, made the representation that the funds paid to them would be used for the construction of a pool.  This representation was repeated through construction and after Defendants abandoned the project, including when Plaintiffs asked Defendants to finish the work that they had paid for and when Defendant Efren Luna and Defendant's agent, Joseph Acosta told Plaintiffs that the work would be completed after it was paid for.  FAC ¶ 10.

Exhibit B to the complaint is a contract agreement that shows that Defendants promised to perform the installation of a pool in exchange for $110,493.00.  FAC ¶ 12 & Ex. B.

The Plaintiffs paid Defendants $84,847.00 in total over the course of June through December of 2022 and only 10% of the work was completed.  It is contrary to *California Business and Professions Code section* 7159 for a contractor to collect monies for work not yet performed or materials not yet delivered.  FAC ¶¶ 17-24.

Efren Luna and Joseph Acosta, an employee of Safari Pools, represented to Plaintiffs that the $84,847.00 collected from Plaintiffs would be used for the construction of a pool, knowing full well that only 10% of the work to be done under the contract was actually done. Efren Luna and Joseph Acosta also made this representation to Plaintiffs after they abandoned the project, yet did not return the money or complete the project.  FAC ¶¶ 50, 51 & 58.

In addition to the fraud claims against the debtors, the First Amended Complaint contains counts for Breach of Contract, Negligence and Negligence per se, in the first, second and third causes of action, against Safari Landscape & Pools, only.  ¶¶ 31-48.

The First Amended Complaint also includes a Fourth Cause of Action for Fraud

5

**OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

1   generally, against all Defendants, both debtor and non-debtor.

2   **III.   LEGAL STANDARD**

3   In reviewing a motion to dismiss under Rule 12(b)(6), the courts are

4   obligated to follow the plausibility standard of *Twombly. Ashcraft v. Iqbal* 556

5   U.S. 662 (2009), 669-670, *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544

6   (2007). The flexible plausibility standard only obligates a pleader to amplify a

7   claim with some factual allegations in those contexts where such amplification

8   may be necessary to render the claim plausible. *See Twombly, supra*, at 157-158.

9   It is acknowledged that there is a higher pleading standard for fraud claims

10   under FRCP 9. According to subsection b of that Rule, "a party must state with

11   particularity the circumstances constituting fraud or mistake. Malice, intent,

12   knowledge, and other conditions of a person's mind may be alleged generally."

13   Even if the motion were to be granted, "court should grant leave to amend even if

14   no request to amend the pleadings is made, unless it determines that the pleading

15   could not possibly be cured by the allegation of other facts.*" Lopez v. Smith*, 203

16   F.3d 1122, 1127 (9 Cir. 2000)(*quoting Doe v. U.S.,* 58 F.3d 484, 497 (9 Cir.

17   1995)).

18   **IV.   PLAINTIFFS AMENDED THE COMPLAINT TO FOLLOW THE**
19   **COURT'S PREVIOUS RULING**

20   The court in this matter granted the Defendants' motion to dismiss with

21   leave to amend and Plaintiffs filed the amended complaint on December 27.

22   Plaintiffs decided to not make a separate allegation under section 727; made

23   changes to their allegations identifying which entities have which causes of action

24   alleged against them by specifically noting that causes of action 1 through 3 are

25   raised against SAFARI LANDSCAPE only; and further identified the acts of Efren

26   Luna and Jospeh Acosta that qualified as fraud under section 523 and a separate

27   fraud cause of action that includes SAFARI LANDSCAPE.

28   ///

**OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

## V. THE STATE-LAW BASED CLAIMS ARE ALLOWED UNDER ANCILLARY OR SUPPLEMENTAL JURISDICTION

Plaintiffs' claims against SAFARI are intrinsically tied to the claims against the debtors in this action. The debtors owned and operated SAFARI [FAC ¶ 6] and payments made to the Defendants were made out in such a fashion that Plaintiffs cannot tell if they were being collected by the individual debtors or the corporation [FAC 35 & 36].

It is admitted that the claims for breach of contract and both versions of negligence would not survive a dischargeabilty analysis on their own against the individual debtors. These state law claims were brought against the corporation only.

The state law claims may be brought in the current action under the court's ancillary jurisdiction because the claims are factually interdependent, as recognized by *Hendrickson v. U.S* 791 F.3d 354 (2015).

Alternatively, they can be brought in the current action under the court's supplemental jurisdiction of 28 USC 1367(a). The claims against the corporation are so related to the claims against the debtor that they are part of the same controversy. The same tribunal should hear all issues related to how much money was paid to the corporation versus how much was paid to the individual debtors. 28 USC 1367(a) also recognizes that the court has the ability to join additional parties to the case.

## VI. ACTION AGAINST A DISSOLVED CORPORATION

Defendants are incorrect that a dissolved corporation cannot be a party to a lawsuit. The California Supreme Court has recognized that "After it has dissolved, a corporation, although no longer permitted to do business as a going concern, continues to exist for purposes of winding up its affairs and, in particular, for discharging obligations and defending lawsuits." *Penasquitos, Inc. v. Superior Court*, 53 Cal.3d 1180, 1182 (Cal. 1991). The United States District Court for the

7

**OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Central District of California recognized the holding in *Penasquitos, supra* when it acknowledged that "[d]issolved corporations may be sued for both pre- and post-dissolution conduct." *City of Rialto v. United States Dept. of Defense*, 492 F. Supp. 2d 1193, 1198 (C.D. Cal. 2007), *citing Penasquitos, supra.*.

## VII.   DOE DEFENDANTS ARE IMMATERIAL

It is acknowledged that the inclusion of Doe Defendants is typically frowned upon for diversity jurisdiction purposes.  *Garter-Bare Co. v. Munsingwear, Inc.,* 650 F.2d 975, 981 (9th Cir. 1980).  However, this case is here as a federal question related to the discharge of the debtors and the pendent jurisdiction of the other questions of state law.  Complaint ¶ 2.

"A proceeding is within the bankruptcy jurisdiction, defined by 28 U.S.C. [section] 1334(b), if it 'arises under' the Bankruptcy Code or 'arises in' or is 'related to' a case under the Code." *Carter v. Rodgers*, 220 F.3d 1249, 1253 (11th Cir. 2000).

The test for determining whether a proceeding is "related to" a bankruptcy case "is whether the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy." *Miller v. Kemira, Inc. (In re Lemco Gypsum, Inc.*), 910 F.2d 784, 788 (11th Cir. 1990) (quotation omitted).

The state court claims of negligence, breach and fraud would all have an effect on the estate being administered, as they are all requesting repayment of the very funds for which a discharge has been sought and all relate to the manner in which Defendants have applied for this discharge by shuffling funds between the corporation and the individuals.

Plaintiffs do not know the names and information regarding the subcontractors who worked for Defendants, so they were identified as Does.  It is acknowledged that this is not generally done for diversity jurisdiction purposes, but if we are here based on the supplemental and/or ancillary jurisdiction claims, then the case is here under original jurisdiction and diversity of citizenship does

8

not matter.

However, should the court decide that Doe Defendants are not appropriate, Plaintiffs will agree to dismiss any and all claims against the unidentified Doe Defendants and request that such an order be made in lieu of dismissal should the court find for the Defendants on this issue.

## VIII.  THERE IS NO INNOCENT SPOUSE EXCEPTION HERE

The claims alleged in Plaintiffs' First Amended Complaint are more than sufficient to show that Ms. Cardenas is not an innocent spouse that would be entitled to discharge.

Section 523(a)(2)(A) precludes a spouse from discharging in bankruptcy a debt obtained by fraud, regardless of her own culpability.  *Bartenwerfer v. Buckley,* 598 U.S. 69 (2023).  There may be other defenses to the fraud, but these are to be addressed by the relevant law that imposes liability for the fraud. *Bartenwerfer,* 143 S. Ct. at 676.

Plaintiffs have alleged that Ms. Cardenas is the spouse of the individual who committed the fraud and have alleged that she herself is responsible for control of the company that committed the fraud.  As such, there is more than enough to maintain the current action against Ms. Cardenas under *Bertenwerfer, supra.*

## IX.  FRAUD IS SUFFICIENTLY PLEAD

Even with the heightened pleadings standard under FRCP 9, the allegations of the First Amended Complaint are more than sufficient to show fraud in the dealings between the parties. To satisfy the heightened pleading standard, a party must "identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false." *Moore v. Mars Petcare US, Inc.,* 966 F.3d 1007, 1019 (9th Cir. 2020) (*quoting Davidson v. Kimberly-Clark,* 889 F.3d 956, 964 (9th Cir. 2018))

The "who" identified in the First Amended Complaint are the debtor, Efren Luna, and his employee, Joseph Acosta.  FAC ¶¶ 10, 50, 51 & 58.

9

**OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

The "what" is that Plaintiffs were told that the money they were paying would be used for to perform construction work at the particular property of their home and that the work would be completed *after* payment was received. *Id.* This is important because licensed contractors are required by *California Business and Professions Code* section 7159 to include in every contract for home improvement (including pool construction), the notice that "IT IS AGAINST THE LAW FOR A CONTRACTOR TO COLLECT PAYMENT FOR WORK NOT YET COMPLETED, OR FOR MATERIALS NOT YET DELIVERED. HOWEVER, A CONTRACTOR MAY REQUIRE A DOWNPAYMENT." *Cal. Bus. & Prof. Code section* 7159(9)(C)(*emphasis in original*). Defendants told Plaintiffs that they would use Plaintiffs money for future construction. Because they knew, or should have known, that they were not allowed to take the money until after work was performed, they took the money under false pretenses to begin with. They added to the problem by continuing to promise future performance with future payment(s). This is not a question of considering a future action, this is an action that was fraudulent at the moment it was conducted. This is because it is against the law for a contractor to take money for work he has not yet done. The debtors knew that they were not entitled to take Plaintiffs' money the second that they asked for it.

The "when" is throughout construction, as well as at the time that Defendants abandoned the project. FAC ¶ 10 & 58.

The "where" was alleged as the property. *Id.*

The "how" is alleged as verbal representations, when it is alleged that Efren Luna and Joseph Acosta both said that the work would be done after payment. *Id.*

The issue of dischargeabilty related to misrepresentations made by a contractor during and after construction was addressed at length by the Ninth Circuit Bankruptcy Appellate Panel in *In re: Shawn Deitz,* BAP No.: EC-11-1427-PaDMk (2012) whose decision and opinion were then adopted in whole by

10

**OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

the United States Court of Appeals for the Ninth Circuit in *In re:  Shawn Deitz* (2014) 12-60036.  In that case, evidence was admitted at trial that the contractor had left the project unfinished, having completed only 65% of the work.  *Deitz* (2014), pp 8-9.  The Fords made demands for accounting which were left without satisfactory answer and alleged that Deitz made material misrepresentations about the work and his willingness and ability to complete it.  *Id.*

The trial court found that Deitz had taken money from the Fords for the purpose of constructing their home, failed to use those finds for the construction of the home and that his conduct amounted to fraud.  *In re Deitz* (2014) at 11-12. Both the BAP and the Circuit Court ended up finding that the debt was constitutionally permissible for the lower court to find the debt not dischargeable despite the holding of *Stern v. Marshall*, 131 S. Ct. 2594 (2011)    *In re Deitz* (2014) 13-27 (for an in-depth analysis).

Like the debtor in *Deitz,* the debtor in this case took money to which he was not entitled and misrepresented to the Plaintiffs that the money would be used for the construction of their home.

The allegations of the First Amended Complaint, if proven, would be more than enough to support a claim for recovery on an adversary proceeding, following the reasoning of both the Circuit Court for the Ninth Circuit and the Bankruptcy Appellate Panel in *Deitz.*

## X.    CONCLUSION

The Debtors' motion should be denied as to the First, Second and Third causes of action are alleged against the corporation and are allowed under supplemental or ancillary jurisdiction because they are so intrinsically tied to the claims against the Debtors.

The Debtors' motion as to the Fraud causes of action should be denied because the claims are plead with sufficient particularity to state a cause of action for fraud.  The debtors promised to use Plaintiffs' money to build a pool, but

11

instead they took at least 90% of the funds for their own use.  This is fraud, as seen in the *Dietz* case, supra.

Should the court decide that the motion should be granted in any degree, Plaintiff asks for leave to amend, given the high likelihood that amendment would not be an exercise in futility.  The authorities presented by Plaintiffs show that the Debtors actions constitute fraud, even if not plead as perfectly as the Debtors demand.

Dated:  March 11, 2025                    MCMAHON LYNCH LAW FIRM, INC.


                                          */s/ Robert J. Lynch*
                                          Robert J. Lynch, Esq.,
                                          Plaintiffs, JOE BARRERA and AMIE
                                          BARRERA,

**OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

**BARRERA v. SUNNYSLOPE, INC.**
**U.S. Cent. Dist. Bank. Court Case No. 6:24-ap-01047-WJ**

**STATE OF CALIFORNIA**          )
                                 )   ss.
**COUNTY OF RIVERSIDE**          )

I am employed in the County of Riverside, State of California.  I am over the age of 18 years and am not a party to the within action; my business address is 1250 Corona Pointe Court, Suite 407, Corona, California 92879. On March 10, 2025, I served the following documents described as:  **OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT** on the interested parties in this action by electronic service, via e-mail from Outlook 365, to e-mail addresses that I know to be associated with each counsel after having received communications from them at said addresses:

**LAW OFFICE OF BARUCH C. COHEN, APLC**
Baruch C. Cohen, Esq.
4929 Wilshire Boulevard, Suite 940
Los Angeles, CA 90010
Office (323) 937-4501 | Cell (323) 353-9535
Facsimile: (888) 316-6107
Email: baruchcohen@baruchcohenesq.com, bcc4929@gmail.com

I declare that I am a member of the Bar of this Court. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on March 11, 2025, Corona, California.

*/s/ Robert J. Lynch*
Robert J. Lynch

**OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**